IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Case No: 1:25-cv-00256

| | | |
|---|---|---|
| Citizens Alliance of North Dakota and Brandon Prichard, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Drew Wrigley, or his successor, in his official capacity as Attorney General of North Dakota, Julie Lawyer or her successor in her official capacity as the Burleigh County States' Attorney, North Dakota Ethics Commission, Rebecca Binstock, or her successor in her official capacity as Executive Director of the North Dakota Ethics Commission, | ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT JULIE LAWYER IN HER OFFICIAL CAPACITY AS BURLEIGH COUNTY STATE'S ATTORNEY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*

**I.   INTRODUCTION**

[¶1]   Julie Lawyer, in her official capacity as the Burleigh County State's Attorney, brings this motion to dismiss the Plaintiffs' Complaint as it is barred by Eleventh Amendment immunity as afforded to county prosecutors under *Minnesota RFL Republican Farmer Labor Caucus v. Freeman,* 33 F.4th 985 (8th Cir. 2022). The basis for this motion is that Lawyer declined prosecution for the events alleged in the Plaintiffs' Complaint and has no present intention to commence proceedings against the Plaintiffs under N.D.C.C. § 16.1-10-04. The rationale for Lawyer's Eleventh Amendment immunity mirrors that explained in the Attorney General's motion. See *Doc. 12*. Additionally, the Plaintiffs lack Article III standing under *Minnesota Chapter of Associated Builders and Contractors v. Ellison*, 153 F.4th 695, 701-02 (8th Cir. 2025). Consequently, the Plaintiffs' complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because

the Court lacks subject matter jurisdiction.

**II.     FACTS**

[¶2]     The Plaintiffs bring this challenge to N.D.C.C. § 16.1-10-04 on the grounds they believe Lawyer may directly or indirectly enforce or seek criminal prosecution against them. *Doc. 1* at p. 20.  Moreover, they assert there remains a threat that Lawyer may initiate charges arising under N.D.C.C. § 16.1-10-04 against them. *Id*. at pp. 20-21.  These concerns are unfounded as explained in Lawyer's declaration.  See *Unsworn Declaration of Julie Lawyer* (hereinafter "*Lawyer Dec.*") at *passim.*

[¶3]     The Burleigh County State's Attorney's office received citizen complaints related to alleged violations of N.D.C.C. § 16.1-10-04. *Lawyer Dec.* at p. 1.  As shown in the Plaintiffs' Complaint, an investigator contacted Kathryn and Brandon Prichard in November 2024 in response to those complaints. See *Doc. 1-1; Doc. 1-2*; see also *Lawyer Dec.* at p. 1.  The Plaintiffs correctly allege Prichard "has not received any additional information" about this investigation because Lawyer declined prosecution prior to the commencement of this lawsuit.  See *Lawyer Dec* at p. 1; *Doc. 1*.  Moreover, Lawyer has no present intention to commence proceedings under N.D.C.C. § 16.1-10-04 against the Plaintiffs, is unwilling to exercise her ability to prosecute a claim arising under N.D.C.C. § 16.1-10-04, and there is no present threat Lawyer will prosecute the Plaintiffs for the conduct alleged in their Complaint. See *Lawyer Dec.* at ¶ 3-4.

**III.    LAW AND ARGUMENT**

[¶4]     Eleventh Amendment immunity is a threshold issue that implicates this Court's subject-matter jurisdiction. *Harmon Industries, Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999). Rule 12(b)(1) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of subject matter jurisdiction.  The Plaintiff bears the burden to prove the federal court has subject

matter jurisdiction. See *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013).

[¶5]     When a defendant asserts a factual attack on jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the court "may look outside the pleadings to affidavits or other documents" without converting the 12(b)(1) motion to one for summary judgment. *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018).

### A.     The Plaintiffs' Claims against Lawyer are barred by the Eleventh Amendment.

[¶6]     Like the Attorney General, Lawyer is also entitled to sovereign immunity from the Plaintiffs' suit. The Eighth Circuit recently explained:

> Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity…. The Supreme Court has recognized a narrow exception grounded in traditional equity practice—one that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law…. In determining whether this exception applies, a court conducts a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective….The Ex parte Young exception only applies against officials who threaten **and are about to commence proceedings**, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution….

*Freeman*, 33 F.4th at 989-990 (internal quotations omitted) (cleaned up) (emphasis added).

[¶7]     The Eleventh Amendment protects county attorneys – who do not fall within the *Ex Parte Young* exception – against claims for prospective relief in constitutional challenges to a State statute. *Id*. at p. 992; see also *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 123 n. 34 (1984) ("The Courts of Appeals are in general agreement that a suit against officials of a county or other governmental entity is barred if the relief obtained runs against the State.") This is especially true here because Lawyer, as the Burleigh County State's Attorney, is mandated by North Dakota law to "[a]ttend the district court and conduct **on behalf of the state** all prosecutions for public offenses." N.D.C.C. § 11-16-01 (emphasis added). In the prosecutorial context, the

duties of a state's attorney and the Attorney General overlap.

[¶8]    For example, under North Dakota law, the "attorney general and the attorney general's assistants are authorized to institute and prosecute all cases in which the state is a party, whenever in their judgment it would be for the best interests of the state to do so." N.D.C.C. § 54-12-02.  The Attorney General is also required to "take full charge of and shall conduct any criminal prosecution in any county…with the power and authority as the duly elected state's attorney" upon written demand of a district court judge.  N.D.C.C. § 54-12-04.  For the purposes of the Plaintiff's challenge, there is no meaningful distinction between the office of the Attorney General and the office of the Burleigh County State's Attorney as both are vested with prosecutorial power on behalf of the State.

[¶9]    The Eighth Circuit applied this rationale and extended Eleventh Amendment immunity to county prosecutors in a challenge to the Minnesota Fair Campaign Practices Act ("MFCPA").  *Freeman*, 33 F.4th 985.  In *Freeman*, plaintiffs who were described as "political candidates, political associations, and individuals who engage in political activities relating to political elections and campaigns in Minnesota" sued four Minnesota county attorneys with authority to criminally prosecute violations of the MFCPA.  *Id.* at 987.  As here, the plaintiffs sued the county attorneys in their official capacity and brought a pre-enforcement First Amendment challenge to the MFCPA.  *Id*. at 988.  Also – like this case – the plaintiffs sought a declaration that the MFCPA was unconstitutional and sought to enjoin its enforcement.  *Id*.   In response to the plaintiffs' motion for a preliminary injunction, the county attorneys submitted declarations establishing they were "not currently investigating" any violations of the MFCPA and had "'no personal intention' to commence proceedings." *Id*.  The district court denied the plaintiffs' motion because the exception to *Ex parte Young* did not apply when the county attorneys were not about

to commence proceedings against the plaintiffs. *Id*. at 988-89. The plaintiffs appealed and claimed the county attorneys were not entitled to Eleventh Amendment immunity. *Id*. at 989.

[¶10]    On appeal, the Eighth Circuit affirmed the district court's application of Eleventh Amendment immunity to the county attorneys under the following rationale:

> …the county attorneys here averred that they have no present intention to commence proceedings [under the MFCPA]. But their failure to disavow future prosecutions is not fatal to their claim of Eleventh Amendment immunity. **The proper standard in assessing their entitlement to such immunity is whether the county attorneys' affidavits establish their unwillingness to exercise [their] ability to prosecute a [MFCPA] claim against Appellants.**

*Id*. at 992 (internal quotations omitted) (cleaned up) (emphasis added).

[¶11]    Lawyer's declaration establishes she has never prosecuted – and has no present intention to prosecute – the Plaintiffs under N.D.C.C. § 16.1-10-04. *Lawyer Dec.* at pp. 1-2. Under binding precedent, Lawyer is entitled to Eleventh Amendment immunity against the Plaintiffs' claims. See *Freeman*, 33 F.4th at 989-992. Therefore, Lawyer's motion to dismiss should be granted for this reason alone.

    **B.**  **The Plaintiffs Lack Article III Standing.**

[¶12]    Like Eleventh Amendment immunity, whether a plaintiff has standing to sue is also a threshold matter of subject matter jurisdiction and is properly raised in a Rule 12(b)(1) motion. *Ellison*, 153 F.4th at 701-02. While the Plaintiffs' lawsuit against Lawyer must be dismissed because of Eleventh Amendment immunity, it must also be dismissed because the Plaintiffs lack Article III standing. This Court has discretion in determining whether to first address Eleventh Amendment immunity or Article III standing when faced with jurisdictional issues. *Freeman*, 33 F.4th at 989 n.4.

[¶13]    "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish standing, the

Plaintiffs "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. Since Lawyer makes a factual attack under Rule 12(b)(1), the Court may consider matters outside the pleadings and consider affidavits or other documents. *Moss*, 895 F.3d at 1097.

[¶14]   Three months ago, the Eighth Circuit held the Minnesota Chapter of Associated Builders and Contractors ("MNABC") lacked standing to enjoin enforcement of the Employer-Sponsored Meetings or Communications Act. *Ellison*, 153 F.4th 695. In response to the plaintiffs' complaint, the Attorney General submitted a declaration indicating he had "no present intention to commence enforcement proceedings" of the challenged statute. *Id*. at 698. The Eighth Circuit reiterated the "proper standard in assessing whether an officer is entitled to Eleventh Amendment immunity is whether his affidavit establishes his 'unwillingness to exercise [his] ability to prosecute' a claim against the plaintiffs." *Id.* at 701 (quoting *Freeman*, 33 F.4th at 992). However, it also explained the "Attorney General's declaration attests to having 'no present intention to commence' enforcement, so MNABC lacks standing to sue, divesting the district court of subject matter jurisdiction." *Id*. at 702.

[¶15]   Here, both the Attorney General and Lawyer submitted declarations where they attest to having no present intention to commence an enforcement action and the Plaintiffs lack Article III standing. See *Id*.; see also *Doc. 12-1*; *Lawyer Dec*. at pp. 1-2. Consequently, Lawyer's motion to dismiss under Rule 12(b)(1) should be granted for this reason as well.

IV.   **CONCLUSION**

[¶16]   For the aforementioned reasons, Lawyer's motion must be granted because the Plaintiffs' claim is barred by Eleventh Amendment immunity and they lack Article III standing. Therefore, this Court lacks subject matter jurisdiction, and this case must be dismissed.

Dated this 4th day of December, 2025.

By /s/ Brian D. Schmidt
Brian D. Schmidt (ND Bar ID #07498)
bschmidt@smithporsborg.com
Scott K. Porsborg (ND Bar ID #04904)
sporsborg@smithporsborg.com
Burleigh County Special Assistants State's
 Attorneys
122 East Broadway Avenue
P.O. Box 460
Bismarck, ND 58502-0460
(701) 258-0630

Attorneys for Defendant, Julie Lawyer or
 her successor in her official capacity as the
 Burleigh County States' Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2025, a true and correct copy of the foregoing **DEFENDANT JULIE LAWYER IN HER OFFICIAL CAPACITY AS BURLEIGH COUNTY STATE'S ATTORNEY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

ATTORNEYS FOR PLAINTIFFS, CITIZENS ALLIANCE OF NORTH DAKOTA AND BRANDON PRICHARD

| | |
|---|---|
| Erick G. Kaardal | kaardal@mklaw.com |
| Elizabeth A. Nielsen | nielsen@mklaw.com |
| Attorneys at Law | |
| 150 South Fifth Street, Suite 3100 | |
| Minneapolis, MN 55402 | |

ATTORNEY FOR DEFENDANT, DREW WRIGLEY, OR HIS SUCCESSOR, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF NORTH DAKOTA

    Courtney R. Titus                                                                 ctitus@nd.gov
    Assistant Attorney General
    Office of Attorney General
    500 North 9th Street
    Bismarck, ND 58501-4509

ATTORNEY FOR DEFENDANTS, NORTH DAKOTA ETHICS COMMISSION AND REBECCA BINSTOCK, OR HER SUCCESSOR IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE NORTH DAKOTA ETHICS COMMISSION

    Logan Carpenter                                                        locarpenter@nd.gov
    Special Assistant Attorney General
    600 E. Boulevard Ave., Dept. 195
    Bismarck, ND 58505

                                            By  */s/ Brian D. Schmidt*
                                                      BRIAN D. SCHMIDT